# STATE OF MICHIGAN

# COURT OF APPEALS

DRAGO KOSTADINOVSKI and BLAGA
KOSTADINOVSKI,

        Plaintiffs-Appellants/Cross-
Appellees,

v

STEVEN D. HARRINGTON, M.D., and
ADVANCED CARDIOTHORACIC SURGEONS,
PLLC,

        Defendants-Appellees/Cross-
Appellants.

FOR PUBLICATION
October 24, 2017
9:05 a.m.

No. 333034
Macomb Circuit Court
LC No. 2014-002247-NH

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

MURPHY, J.

Plaintiffs Drago Kostadinovski and Blaga Kostadinovski, husband and wife, appeal as of right the trial court's order denying their motion to file an amended medical malpractice complaint after the court had earlier granted summary disposition in favor of defendants Steven D. Harrington, M.D. (the doctor), and Advanced Cardiothoracic Surgeons, P.L.L.C., on plaintiffs' original complaint. Mr. Kostadinovski suffered a stroke during the course of a mitral-valve-repair (MVR) surgery performed by the doctor in December 2011. Plaintiffs timely served defendants with a notice of intent to file a claim (NOI), MCL 600.2912b, and later timely filed a complaint for medical malpractice against defendants, along with the necessary affidavit of merit, MCL 600.2912d. In the NOI, affidavit of merit, and the complaint, plaintiffs set forth multiple theories with respect to how the doctor allegedly breached the standard of care in connection with the surgery. After nearly two years of litigation and the close of discovery, plaintiffs' experts effectively disavowed and could no longer endorse the previously-identified negligence or breach-of-care theories and the associated causation claims, determining now, purportedly on the basis of information gleaned from discovery, that the doctor had instead breached the standard of care by failing to adequately monitor Mr. Kostadinovski's hypotension (low blood pressure) and transfuse him, resulting in the stroke. Plaintiffs agreed to the dismissal of the existing negligence allegations and complaint, but sought to file an amended complaint that included allegations regarding Mr. Kostadinovski's hypotensive state and the failure to adequately transfuse him. While the trial court believed that any amendment would generally relate back to the filing date of the original complaint, the court ruled that an amendment would

-1-

be futile, considering that the existing NOI would be rendered obsolete because it did not reference the current malpractice theory. And, absent the mandatory NOI, a medical malpractice action could not be sustained. The denial of plaintiffs' motion to amend the complaint, in conjunction with the dismissal of the original complaint, effectively ended plaintiffs' lawsuit. On appeal, plaintiffs challenge the denial of their motion to amend the complaint. Defendants cross appeal, arguing that, aside from futility, amendment of the complaint should not be permitted because plaintiffs unduly delayed raising the new negligence theory and because such a late amendment would prejudice defendants. On the strength of *Bush v Shabahang*, 484 Mich 156; 772 NW2d 272 (2009), we hold that the trial court, as opposed to automatically not allowing plaintiffs to amend their complaint because of the NOI conundrum that would be created, was required to assess whether the NOI defect could be disregarded or cured by an amendment of the NOI under MCL 600.2301 in the context of futility analysis. Accordingly, we reverse and remand for further proceedings under MCL 600.2301.

## I. BACKGROUND

On December 9, 2013, plaintiffs served defendants with the NOI, asserting that on December 14, 2011, the doctor had performed robotic-assisted MVR surgery on Mr. Kostadinovski and that, as subsequently determined, Mr. Kostadinovski suffered a stroke during the course of the procedure. The NOI listed six specific theories with respect to the manner in which the doctor allegedly breached the applicable standard of care relative to the surgery and preparation for the surgery, along with identifying related causation claims.[1] On June 4, 2014, an expert for plaintiffs executed an affidavit of merit that listed the same six negligence theories outlined in the NOI in regard to the alleged breaches of the standard of care. On June 5, 2014, plaintiffs filed their medical malpractice complaint against defendants, along with the affidavit of merit, alleging that the doctor breached the standard of care in the six ways identified in the NOI and affidavit of merit. The causation claims were also identical in all three legal documents. In resolving this appeal, it is unnecessary for us to discuss the particular nature of these negligence and causation theories.

On March 21, 2016, defendants filed a motion for summary disposition, arguing that, as revealed during discovery, plaintiffs' expert witnesses could not validate or support the six negligence theories set forth in the NOI, affidavit of merit, and the complaint. On that same date, March 21, 2016, plaintiffs filed a motion to amend their complaint. Plaintiffs asserted that discovery had recently been completed and that discovery showed that Mr. Kostadinovski "was in a hypotensive state during the operation and was not adequately transfused." According to plaintiffs, this evidence was previously unknown and only came to light following the deposition of the perfusionist, the continuing deposition of the doctor, and the depositions of plaintiffs' retained experts. Plaintiffs sought to amend the complaint to allege negligence against the doctor "for failing to adequately monitor Mr. Kostadinovski's hypotension during the operation and

---

[1] A seventh nonspecific allegation indicated that the doctor had "failed to adhere to any and all additional requirements of the standard of care as may be revealed through the discovery process."

failing to transfuse the patient so as to maintain the patient's blood pressure." On March 28, 2016, a hearing was held on plaintiffs' motion to amend the complaint, and the trial court decided to take the matter under advisement. On April 25, 2016, a hearing was conducted on defendants' motion for summary disposition, at which time plaintiffs agreed to the dismissal of their original complaint, given that their theories of negligence now lacked expert support, as did the causation claims that had been linked to the defunct negligence theories.[2] Plaintiffs' motion to amend the complaint remained pending.

On April 29, 2016, the trial court issued a written opinion and order denying plaintiffs' motion to amend the complaint. The court initially ruled, under MCR 2.118(D), that because the proposed amendment of plaintiffs' complaint arose from the same transactional setting as that covered by the original complaint, any amendment would relate back to the date that the original complaint was filed for purposes of the period of limitations. However, after citing language in MCR 2.118 and associated caselaw regarding principles governing the amendment of pleadings, along with MCL 600.2912b on notices of intent, the trial court ruled:

> The Court finds that plaintiffs' NOI did not set forth the minimal requirements to provide notice of the claim of breach of the standard of care with regard to the failure to monitor hypotension levels during the operation and the failure to transfuse the patient as a potential cause of injury as required by MCL 600.2912b. Accordingly, defendants were not given the opportunity to engage in any type of settlement negotiation with regard to the hypotension and transfusion claims because they were not given notice of the existence of any such claims. Even if plaintiffs had included these new allegations in their original complaint, defendants lacked the requisite notice mandated by MCL 600.2912b because they were not raised in the NOI.

> Plaintiffs' failure to adhere to the statutory mandates renders the new allegations contained in the proposed amended complaint futile, as these new allegations of medical malpractice must fail as a matter of law. Therefore, plaintiffs' motion to amend is properly denied. [Citations omitted.]

Plaintiffs appeal as of right.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

This Court reviews for an abuse of discretion a trial court's ruling on a motion for leave to file an amended pleading. *Franchino v Franchino*, 263 Mich App 172, 189; 687 NW2d 620 (2004). "Thus, we defer to the trial court's judgment, and if the trial court's decision results in an

---

[2] By order dated April 25, 2016, the trial court indicated that plaintiffs' allegations of negligence and causation as stated in the NOI, complaint, and affidavit of merit were dismissed with prejudice.

outcome within the range of principled outcomes, it has not abused its discretion." *Wormsbacher v Phillip R Seaver Title Co, Inc*, 284 Mich App 1, 8; 772 NW2d 827 (2009) (citation omitted). "A trial court . . . necessarily abuses its discretion when it makes an error of law." *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015). We review de novo matters of statutory construction, as well as questions of law in general. *Wells Fargo Bank, NA v SBC IV REO, LLC*, 318 Mich App 72, 89-90; 896 NW2d 821 (2016).

## B. AMENDMENT OF PLEADINGS – BASIC PRINCIPLES

A pleading may be amended once as a matter of course if done so within a limited period; otherwise, "a party may amend a pleading only by leave of the court or by written consent of the adverse party." MCR 2.118(A)(1) and (2). Plaintiffs were no longer entitled to amend their complaint as of right, necessitating their motion to amend the complaint. MCR 2.118(A)(2) provides that "[l]eave shall be freely given when justice so requires." Therefore, a motion to amend should ordinarily be granted. *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997). A court must give a particularized reason for denying leave to amend a pleading, and acceptable reasons for denial include undue delay, bad faith or dilatory motive by the party seeking leave, repeated failures to cure deficiencies after previously-allowed amendments, undue prejudice to the nonmoving party, and futility. *Miller v Chapman Contracting*, 477 Mich 102, 105; 730 NW2d 462 (2007); *Wormsbacher*, 284 Mich App at 8. The amendment of a pleading is properly deemed futile when, regardless of the substantive merits of the proposed amended pleading, the amendment is legally insufficient on its face. *Hakari v Ski Brule, Inc*, 230 Mich App 352, 355; 584 NW2d 345 (1998); *Gonyea v Motor Parts Fed Credit Union*, 192 Mich App 74, 78; 480 NW2d 297 (1991).

With respect to the question whether an amendment of a pleading relates back to the date that the original pleading was filed, MCR 2.118(D) provides:

> An amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading. In a medical malpractice action, an amendment of an affidavit of merit or affidavit of meritorious defense relates back to the date of the original filing of the affidavit.

In *Doyle v Hutzel Hosp*, 241 Mich App 206, 218-219; 615 NW2d 759 (2000), this Court analyzed MCR 2.118(D) and the caselaw regarding the amendment of pleadings, holding:

> When placed in context against a backdrop providing that leave to amend pleadings must be freely granted, MCR 2.118(A)(2), the principle to be gleaned from these cases is the necessity for a broadly focused inquiry regarding whether the allegations in the original and amended pleadings stem from the same general "conduct, transaction, or occurrence." The temporal setting of the allegations is not, in and of itself, the determinative or paramount factor in resolving the propriety of an amendment of the pleadings, and undue focus on temporal differences clouds the requisite broader analysis.

It does not matter whether the proposed amendment introduces new facts, a different cause of action, or a new theory, so long as the amendment springs from the same transactional setting as that pleaded originally. *Id.* at 215.

## C. MEDICAL MALPRACTICE ACTIONS – NOTICE OF INTENT TO FILE A CLAIM

The focus of the trial court's ruling and the arguments of the parties concern the NOI and the fact that plaintiffs' proposed amended complaint set forth a negligence or breach-of-care theory that was not recited in the NOI. MCL 600.2912b provides, in pertinent part:

(1) Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

* * *

(4) The notice given to a health professional or health facility under this section shall contain a statement of at least all of the following:

(a) The factual basis for the claim.

(b) The applicable standard of practice or care alleged by the claimant.

(c) The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.

(d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.

(e) The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.

(f) The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim.

* * *

(6) After the initial notice is given to a health professional or health facility under this section, the tacking or addition of successive 182-day periods is not allowed, irrespective of how many additional notices are subsequently filed for that claim and irrespective of the number of health professionals or health facilities notified.

In *Bush*, 484 Mich at 174, our Supreme Court noted the legislative intent behind MCL 600.2912b, observing:

The stated purpose of § 2912b was to provide a mechanism for promoting settlement without the need for formal litigation, reducing the cost of medical malpractice litigation, and providing compensation for meritorious medical malpractice claims that would otherwise be precluded from recovery because of litigation costs. [Citation, quotation marks, and ellipsis omitted.]

## D. DISCUSSION AND HOLDING

Our analysis today entails the question whether the *Bush* Court's application of MCL 600.2301 in a case involving a defective NOI governs the approach to be applied in the context of the procedural circumstances present in the instant case, or whether two published opinions from this Court that arguably lend some support for defendants' position are controlling. MCL 600.2301 provides in full:

The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

In *Gulley-Reaves v Baciewicz*, 260 Mich App 478, 479-482; 679 NW2d 98 (2004), the plaintiff served an NOI on the defendants, claiming medical malpractice in the performance of a mediastinoscopy, and the plaintiff later filed a complaint against the defendants, along with two supporting affidavits of merit. The *Gulley-Reaves* panel summarized the defendants' response as follows:

Defendants filed a motion for summary disposition challenging plaintiff's compliance with the statutory requirements for providing presuit notice of intent to file a medical-malpractice-action. Specifically, defendants asserted that the notice of intent alleged malpractice with respect to the surgical procedure only. Upon the filing of the medical-malpractice complaint, defendants learned that plaintiff was also challenging the administration of the anesthesia during the surgical procedure. The notice of intent allegedly did not comply with the statutory requirements because it did not advise of the claimed wrongdoing with regard to the anesthesia. That is, it did not allege a breach of the standard of care and proximate cause based on anesthesia given during the surgical procedure. [*Id.* at 482-483.[3]]

The *Gulley-Reaves* panel agreed that the NOI was defective, because it "did not set forth the minimal requirements to identify that the anesthesia was a potential cause of plaintiff's

---

[3] The plaintiff's affidavits of merit and complaint in *Gulley-Reaves* did reveal a malpractice claim based on the faulty administration of anesthesia. *Gulley-Reaves*, 260 Mich App at 481-482.

injury[,]" and because the NOI "was silent with regard to any breach of the standard of care during the administration of anesthesia." *Id.* at 487. This Court held that the trial court erred in denying the defendants' motion for summary disposition, given that the "[p]laintiff failed to provide notice of the claim of breach of the standard of care with regard to the administration of anesthesia as required by" the NOI statute. *Id.* at 490. The opinion did not include any discussion whatsoever of MCL 600.2301, and the *Bush* opinion was still five years on the horizon.

In *Bush*, a case involving claims of medical malpractice arising out of surgery to repair an aortic aneurysm, the NOI, amongst other alleged defects, purportedly failed to identify the particular actions taken by physician assistants and the nursing staff that breached the standard of care, failed to state how the hiring and training practices of one of the defendants breached the standard of care, and failed to set forth some necessary theories of causation. *Bush*, 484 Mich at 161-162, 179-180. The *Bush* Court rejected the proposition that mandatory dismissal of a medical malpractice action is the sole remedy for a defective NOI or violation of MCL 600.2912b. *Id.* at 170-181. Next, the Court, focusing on the alleged NOI defects, held:

> We agree with the Court of Appeals that these omissions do constitute defects in the NOI. However, we disagree with the Court of Appeals regarding the appropriate remedy. We are not persuaded that the defects . . . warrant dismissal of a claim. These types of defects fall squarely within the ambit of § 2301 and should be disregarded or cured by amendment. It would not be in the furtherance of justice to dismiss a claim where the plaintiff has made a good-faith attempt to comply with the content requirement of § 2912b. A dismissal would only be warranted if the party fails to make a good-faith attempt to comply with the content requirements. Accordingly, we hold that the alleged defects can be cured pursuant to § 2301 because the substantial rights of the parties are not affected, and "disregard" or "amendment" of the defect is in the furtherance of justice when a party has made a good-faith attempt to comply with the content provisions of § 2912b. [*Id.* at 180-181.]

After *Bush* was decided, this Court issued an opinion in *Decker v Rochowiak*, 287 Mich App 666; 791 NW2d 507 (2010). In *Decker*, the plaintiff, by his next friend, filed a medical malpractice action that was predicated on an alleged failure to properly monitor the plaintiff's glucose level; the plaintiff was diagnosed "with cerebral palsy from an early anoxic (lack of oxygen) brain injury." *Id.* at 670-671. After serving his NOI on the defendants and filing his complaint with supporting affidavits of merit, the plaintiff sought leave to file an amended complaint in order to allege 17 specific ways in which the defendants breached the applicable standards of care. *Id.* at 671. This Court summarized the plaintiff's argument in favor of allowing the amended complaint:

> Plaintiff argued that the amendment was proper because (1) discovery remained open and experts had not been deposed, (2) the amendment merely clarified allegations and issues and was made possible after particular information was learned through the discovery process, (3) the clarifications ultimately relate back to the underlying lynch pin of this entire case which is that they did not appropriately monitor and maintain this baby's glucose level, and (4) defendants

would not be prejudiced by the amendment. [*Id.* (quotation marks and alteration brackets omitted).]

The trial court granted the request to file an amended complaint and subsequently denied various motions for summary disposition filed by the defendants, with this Court granting and consolidating multiple applications for leave to appeal pursued by the defendants. *Id.* at 671-674.

The defendants in *Decker* argued that the plaintiff's amended complaint had asserted new theories of medical malpractice that were not contained in the NOI; therefore, amendment of the complaint should not have been allowed or the amended complaint should have been summarily dismissed pursuant to *Gulley-Reaves. Decker*, 287 Mich App at 679-682. The *Decker* panel found that the plaintiff, while providing some details and clarification, had not actually alleged any new negligence or causation claims in the amended complaint that were not already encompassed by the claims in the NOI, so the purpose of the notice requirement was realized. *Id.* at 677-682. The Court observed that "[t]his is not a case where, as in *Gulley-Reaves*, the plaintiff set forth a totally new and different potential cause of injury in an amended complaint compared to the potential cause of injury set forth in her NOI, e.g., the manner in which a particular surgical procedure was performed compared to the manner in which anesthesia was administered during the surgery." *Id.* at 680-681. This statement by the *Decker* panel might lead one to believe at first glance that, when a totally new breach-of-care or causation theory actually is pursued, as in the instant case, summary dismissal or disallowance of an amended complaint would be appropriate.

We conclude that *Bush* controls our analysis. If MCL 600.2301 is implicated and potentially applicable to save a medical malpractice action when an NOI is defective because of a failure to include negligence or causation theories required by MCL 600.2912b(4), then, by analogy, MCL 600.2301 must likewise be implicated and potentially applicable when an NOI is deemed defective because it no longer includes the negligence or causation theories required by MCL 600.2912b(4) and alleged in the complaint, due to a post-complaint change in the theories being advanced by a plaintiff as a result of information gleaned from discovery. There is no sound or valid reason that the principles from *Bush* should not be applied here. Indeed, as a general observation, factual circumstances are even more compelling for the invocation of MCL 600.2301 when an NOI is not defective from the outset but becomes defective because discovery has shed new light on the case and given rise to a new liability theory.[4]

Assuming that *Gulley-Reaves* supports defendants' position here, it was issued prior to *Bush* and the Court did not entertain an argument under MCL 600.2301. Second, the Court in *Decker* also did not entertain an argument under MCL 600.2301, nor would it have been necessary for the panel to have even reached an argument under MCL 600.2301, given the nature of its ruling that no new claims were asserted in the amended complaint that were not already accounted for in the NOI. The Court simply distinguished *Gulley-Reaves*, and we can only

---

[4] We note that plaintiffs contemplated such a possibility when they included language in the NOI that the doctor failed to adhere to the standard of care as might be revealed through discovery.

speculate whether it would have applied the *Bush* § 2301 analysis had it determined that new claims were being raised or whether it would have applied the *Gulley-Reaves* opinion and dismissed the case.[5]  Ultimately, *Decker* did not address the impact of *Bush* and MCL 600.2301 on a case involving new theories of negligence and causation that differed from those identified in the NOI.  Moreover, *Bush* is controlling Supreme Court precedent, trumping decisions by this Court.  See MCR 7.215(J)(1).[6]

We do find it necessary to address *Driver v Naini*, 490 Mich 239, 243; 802 NW2d 311 (2011), wherein our Supreme Court held "that a plaintiff is not entitled to amend an original NOI *to add nonparty defendants* so that the amended NOI relates back to the original filing for purposes of tolling the statute of limitations[.]"  (Emphasis added.)  The *Driver* Court rejected the plaintiff's argument that he should be allowed to amend his original NOI pursuant to *Bush* and MCL 600.2301.  *Id.* at 251-259.  The Court in *Driver* explained:

> *Bush* is inapplicable to the present circumstances. At the outset we note that the holding in *Bush* that a defective yet timely NOI could toll the statute of limitations simply does not apply here because CCA [nonparty defendant] never received a timely, albeit defective, NOI. More importantly, and contrary to the dissent's analysis, the facts at issue do not trigger application of MCL 600.2301. . . . .
>
> * * *
>
> By its plain language, MCL 600.2301 only applies to actions or proceedings that are *pending*. Here, plaintiff failed to commence an action against CCA before the six-month discovery period expired, and his claim was therefore barred by the statute of limitations. An action is not pending if it cannot be commenced. In *Bush*, however, this Court explained that an NOI is part of a medical malpractice proceeding. The Court explained that, since an NOI must be given before a medical malpractice claim can be filed, the service of an NOI is a part of a medical malpractice 'proceeding. As a result, MCL 600.2301 applies to

---

[5] The *Decker* panel was aware of *Bush*, considering that it cited *Bush* with respect to explaining the purpose of an NOI.  *Decker*, 287 Mich App at 675-676.

[6] Plaintiffs argue that MCL 600.2912b simply requires the service of an NOI before suit is filed and that once this is accomplished through the service of a proper and compliant NOI, *as judged at the time suit is filed and by the language in the original complaint*, the requirements of the statute have been satisfied, absent the need to revisit the NOI even if a new theory of negligence or causation is later developed that was not included in the NOI and that forms the basis of an amended complaint.  If this were the law, the entire analysis in *Decker* would have been completely unnecessary, because a proper and compliant NOI had been served on the defendants, as judged on the date the original complaint was filed and by the language in that complaint.  Moreover, the approach suggested by plaintiffs would undermine the legislative intent and purpose behind MCL 600.2912b.

the NOI process. Although plaintiff gave CCA an NOI, he could not file a medical malpractice claim against CCA because the six-month discovery period had already expired. Service of the NOI on CCA could not, then, have been part of any proceeding against CCA because plaintiff's claim was already time-barred when he sent the NOI. A proceeding cannot be pending if it was time-barred at the outset. Therefore, MCL 600.2301 is inapplicable because there was no action or proceeding pending against CCA in this case. [*Driver*, 490 Mich at 253-254 (citations, quotation marks, alteration brackets, and emphasis omitted.]

The *Driver* Court later emphasized that the *Bush* opinion concerned "the *content* requirements of MCL 600.2912b(4)." *Id.* at 257.

In the instant case, the NOI was timely served on defendants, as was the complaint, an amended NOI would not entail adding a new party, and we, like the *Bush* Court, are concerned with the content requirements of MCL 600.2912b(4). Therefore, *Driver* is factually and legally distinguishable and MCL 600.2301 can be considered.

For purposes of guidance on remand, we provide the following direction. The trial court is to engage in an analysis under MCL 600.2301 to determine whether amendment of the NOI or disregard of the prospective NOI defect would be appropriate.[7] If the trial court concludes that amendment or disregard of the defect would not be proper under MCL 600.2301, the court's prior futility analysis relative to plaintiff's motion to amend the complaint shall stand and the motion to amend the complaint shall be denied, ending the case, subject of course to appeal on the § 2301 analysis. If the trial court determines that MCL 600.2301 supports amendment of the NOI or disregard of the NOI defect, thereby negating the court's prior futility analysis, amendment of the complaint shall be allowed, with one caveat. Aside from futility, defendants had proffered additional reasons why amendment of the complaint should not be allowed, i.e., undue delay and undue prejudice, see *Miller*, 477 Mich at 105, which were not reached by the trial court and are repeated by defendants in their appellate brief as alternative bases to affirm. The trial court shall entertain those arguments if the court rules in plaintiffs' favor on MCL 600.2301.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Having fully prevailed on appeal, plaintiffs are awarded taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause

---

[7] We conclude that it would not be proper for us to conduct the analysis under MCL 600.2301 in the first instance; that, at least initially, is the trial court's role, which we shall not intrude upon.