*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL TIMOTHY LUONGO,

       Plaintiff-Appellee,

v

ARNOLD D. DUNCHOCK,

       Defendant-Appellant,

and

DIANNE A. DUNCHOCK and ADD LAND, LLC,

       Defendants.

UNPUBLISHED
September 10, 2019

No. 346261
Shiawassee Circuit Court
LC No. 2018-002321-CH

Before: SWARTZLE, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

Michael Luongo purchased foreclosed property from the state. The former owners, Dianne Dunchock and ADD Land (which is solely owned by Arnold Dunchock), did not give up their interests easily. Arnold recorded a lis pendens, refused to collect his personal belongings from the building, and generally harassed Luongo. Luongo filed suit and the circuit court quieted title in his favor. Arnold does not challenge that judgment. He does contest, however, the circuit court's assessment of attorney fees against him for raising a frivolous defense and the denial of his motion to file a third-party complaint against two city of Corunna officials. We affirm.

## I. BACKGROUND

This case concerns a building sitting on two parcels, 223 and 225 North Shiawassee Street in the city of Corunna, which were previously owned by Dianne and ADD Land. Arnold conducted his law practice from the building. The Dunchocks did not pay their property taxes for several years, pursued a series of unsuccessful lawsuits against the city based on the property

valuations and alleging corruption in city government, and lost the building to foreclosure. Absolute title vested in the state on March 31, 2017, when the Dunchocks did not redeem the property in time. Arnold recorded a notice of lis pendens on April 3, 2017, asserting that the city had artificially inflated the values of the parcels to increase the tax burden and that he should have been permitted to challenge the "automatic foreclosure provision" before the foreclosure was finalized.

Luongo purchased the subject property at a public auction in November 2017. He gave Arnold several opportunities to remove his legal files and office furniture from the building, but was ultimately required to bear the cost of removing and preserving this property. He also requested that Arnold rescind the lis pendens, to no avail. Luongo filed an action to quiet title in January 2018. Dunchock produced no evidence to support his continued interest in the property and the court summarily quieted title in Luongo's favor.[1] The court found baseless and frivolous Arnold's defense that the foreclosure was improper because Corunna city officials artificially inflated the property values to take his building and that Luongo somehow "received stolen property." The court therefore sanctioned Arnold by requiring him to pay Luongo's attorney fees.

After the court issued its judgment, Arnold filed a motion to amend in order to file a third-party complaint against two city of Corunna officials whom he claimed purposefully inflated the property values. The court denied this motion as futile and because Arnold was engaged in dilatory tactics.

## II. THIRD-PARTY COMPLAINT

Arnold challenges the circuit court's denial of his motion to file a third-party complaint. A party may file a third-party claim as of right within 21 days after his or her original answer is due. "Otherwise, leave on motion with notice to all parties is required." MCR 2.204(A)(1). Arnold waited to file this motion until the circuit court had already summarily dismissed the action in Luongo's favor. Trial courts should permit parties to amend pleadings after granting a motion for summary disposition under MCR 2.116(C)(8), (9), or (10) "as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." MCR 2.116(I)(5). "[A] motion to amend should ordinarily be denied only for particularized reasons, including undue delay, bad faith or a dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility." *PT Today, Inc v Comm'r of the Office of Fin and Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006). Ultimately, we review for an abuse of discretion a circuit court's decision on a motion to amend. *Boylan v Fifty Eight Ltd Liability Co*, 289 Mich App 709, 727; 808 NW2d 277 (2010).

---

[1] Arnold does not challenge the judgment quieting title on appeal. In his challenge to the circuit court's denial of his motion to file a third-party complaint against two city officials, however, Arnold argues that he properly filed a lis pendens. This argument is out of place and we need not consider it further.

Arnold unduly delayed in filing his motion to amend to file a third-party complaint. Arnold asserted from the start of the current action that Corunna city officials had wrongfully caused the foreclosure by artificially inflating the value of his properties and could have timely moved to raise his claims against those officials. Arnold tried to game the system and caused undue delay by waiting until he lost in the quiet title action to file the third-party complaint motion.

Moreover, amendment to permit the third-party complaint would have been futile. "The amendment of a pleading is properly deemed futile when, regardless of the substantive merits of the proposed amended pleading, the amendment is legally insufficient on its face." *Kostadinovski v Harrington*, 321 Mich App 736, 743-744; 909 NW2d 907 (2017). An amendment adding claims against a new third party is legally insufficient on its face if those claims "would have failed as a matter of law." *PT Today*, 270 Mich App at 143.

Arnold sought to accuse the Corunna city officials of unconstitutionally taking his property by artificially inflating the property values making it impossible for him to pay his taxes, and by pursuing foreclosure without proper notice. When the circuit court in this case issued its decision, trial courts had already dismissed Arnold's claims in separate lawsuits that the city took or "captured" his property by issuing "dangerous structure" notices requiring expensive repairs. See *Dunchock v City of Corunna*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued March 12, 2015 (Case No. 14-11799), aff'd unpublished opinion of the Sixth Circuit Court of Appeals, issued October 7, 2015 (Case No. 15-1488); *Dunchock v City of Corunna*, unpublished opinion of the Court of Appeals, issued November 14, 2017 (Docket No. 335721). A trial court had also already summarily dismissed Arnold's claim that the city "had improperly inflated property tax figures in a deliberate attempt to gain control of his properties." See *Dunchock v City of Corunna*, unpublished opinion of the Court of Appeals, issued May 29, 2018 (Docket No. 338680), slip op at 1. Arnold merely sought to change the defendant from the city to two named city officials. Just as in Docket No. 338680, Arnold still has not "allege[d] specific amounts that were 'manufactured' or what the purportedly appropriate taxes should be." *Id*. at 2. Absent any specific allegations or explanation of why his claims now bore legal merit, Arnold's proposed third-party claims would be futile.

Moreover, this Court has already affirmed a trial court's summary dismissal of Arnold's allegations that the city misused the foreclosure process. *Id*. Arnold now claims that the city did not properly notify Dianne of the foreclosure, invalidating the foreclosure judgment. However, Arnold was the only party seeking to file a third-party complaint and he never claimed lack of notice. In any event, the records show that the city mailed notice to Dianne at three different addresses, including her home and at the subject parcels. And Arnold filed an objection in the foreclosure proceeding on behalf of the Dunchocks, thereby admitting that Dianne was on notice of the proceedings. The addition of this claim would therefore be futile as well.

### III. ATTORNEY FEES

Arnold further challenges the assessment of attorney fees against him. Although his brief is unclear in this regard, it appears that Arnold contends that the circuit court would only have legal authority to award attorney fees in "42 USC § 1983 cases involving actual attorney fees" or if Arnold had taken this matter to trial "after some mediation-type award." This simply is not the

law. At the time of the court's order, MCR 1.109(E)(5)-(7), MCR 2.625(A)(2), and MCL 600.2591 permitted a trial court to sanction a party for pursuing a frivolous defense in any type of case. There is no exception for quiet title actions in which a defendant attempts to collaterally attack the validity of the foreclosure.

We affirm.

/s/ Brock A. Swartzle
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly