*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PARKER PROPERTY, LLC,

       Plaintiff-Appellant,

v

REJUV BY TRACY, LLC, AUBUCHON
INVESTMENT HOLDINGS, LLC, and CITY OF
FENTON,

       Defendants-Appellees.

UNPUBLISHED
August 11, 2022

No. 356910
Genesee Circuit Court
LC No. 20-114596-NZ

Before: GLEICHER, C.J., and GADOLA and YATES, JJ.

PER CURIAM.

A quaint walkable downtown turns a city into an attractive destination for shoppers and diners. The revenue generated from these visitors benefits the downtown businesses, which in turn remit taxes used to further improve the city for all its residents. With these benefits in mind, the city of Fenton adopted a comprehensive plan to develop its downtown area in 2007.

Despite that its residential rental property fell within this district, Parker Property LLC (PPL) made no objection. More than a decade later when a private developer purchased a neighboring lot, demolished an existing structure, and constructed a two-story commercial building and parking lot, PPL waited until construction was complete to complain. The trial court dismissed PPL's nuisance claims against the developer and the city and rejected PPL's request for an order of superintending control because PPL did not allege or establish that defendants violated the special zoning ordinances applicable in this planned unit development zone. And the court denied PPL's attempt to amend its complaint as the proposed additional count was similarly meritless. We discern no error and affirm.

## I. BACKGROUND

In 2007, the Fenton City Council endorsed a plan to develop its downtown area. As part of that plan, the city adopted a planned unit development (PUD) for its central business district (CBD). The city's ordinances provide a shortcut for property developers within a PUD. Site plans

consistent with the preapproved PUD skip the initial site plan approval process and go straight to final site plan review. See Fenton Ordinances, § 36-13.05(k).

In 2018, Aubuchon Investment Holdings, LLC sought to develop its property facing Mill Street at the intersection of Adelaide Street. The plan was to construct a two-story building for a spa owned by Rejuv by Tracy LLC. The city approved the site plan on May 31, 2018. By June 28, 2019, Aubuchon/Rejuv had demolished the existing building on the site and constructed its new building. The city issued a temporary certificate of occupancy that day. The parcel included some parking spots, and Aubuchon/Rejuv entered an easement agreement for its customers to park on a neighboring lot owned by the city.

PPL owns a rental home facing Adelaide Street directly behind the new spa. Pictures presented by the parties show that the spa parking lot is separated from the side of the house by only a narrow swath of grass. No fence or shrubbery buffers the home from the parking lot. PPL is understandably concerned about its property's value given the parking lot noise and lights, as well as the loss of privacy.

PPL filed suit against the city and Aubuchon/Rejuv. In its first amended complaint, PPL alleged that the development, construction, and use of the spa violated several city ordinances. PPL cited general zoning ordinances that control lighting, require a 10-foot setback between parking lots and residential-use property, and mandate a 30-foot buffer along the property line. PPL cited no ordinances applicable under the PUD, however. PPL sought a writ of superintending control to require the city to enforce the cited ordinances. It further alleged that the ordinance violations were a nuisance per se and caused "the loss of use, enjoyment, and value of its property."

The city sought summary disposition based on governmental immunity and contended that the court could not issue an order of superintending control under the circumstances. Aubuchon/Rejuv also sought summary disposition, contending that PPL failed to state a viable nuisance claim. The court granted the city's motion to dismiss the nuisance claim on governmental immunity grounds, but allowed PPL an opportunity to file a second amended complaint to clarify its request for an order of superintending control. The court declined to rule on Aubuchon/Rejuv's motion at that time.

PPL sought reconsideration of the court's summary disposition order and to file a second amended complaint. The factual background and first two counts of this amendment were essentially identical to the first amended complaint. PPL sought to add a third count entitled "Denial of Due Process." In that count, PPL reiterated various ways it believed the spa site plan violated various city ordinances. PPL then asserted that it was denied equal protection and due process because it received no personal notice of the planning commission or city council meetings at which the site plan was discussed. It further claimed that defendants did not have a written development agreement, and that Aubuchon/Rejuv did not have various required certificates, approvals, and waivers. PPL did not believe it had a right to appeal the site plan approval to the zoning board of appeals (ZBA) because the development was within a PUD. Therefore, the only remedy available, in PPL's estimation, was a writ of superintending control.

Ultimately, the court denied PPL's motion for reconsideration and for leave to file a second amended complaint, and granted summary disposition in favor of Aubuchon/Rejuv. The court

noted that the city had complied with the ordinances regarding the approval of developments within a PUD. Accordingly, there were no grounds for superintending control and the new constitutional count in the second amended complaint would be futile. The trial court summarily dismissed PPL's nuisance claims against Aubuchon/Rejuv as well, given that PPL could present no evidence that it violated the city ordinances for a site plan within a PUD.

PPL now appeals.

## II. MOTIONS FOR SUMMARY DISPOSITION

We review de novo a trial court's decision on a motion for summary disposition. *Rott v Rott*, 508 Mich 274, 286; 972 NW2d 789 (2021). The city moved for summary disposition under MCR 2.116(C)(7) (governmental immunity) and (C)(8) (failure to state a claim for relief), and Aubuchon/Rejuv moved for summary disposition under MCR 2.116(C)(8). As the court considered documentation beyond the complaint in relation to all the motions, however, we must consider the (C)(8) motion as granted under MCR 2.116(C)(10) (failure to establish a triable question of fact).

When a court considers a motion for summary disposition under MCR 2.116(C)(7), it "should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015) (quotation marks and citation omitted). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim and the court's consideration is limited to the factual allegations found in the complaint. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019). If a court considers documentary evidence beyond the complaint, the motion is actually granted under MCR 2.116(C)(10). See *Steward v Panek*, 251 Mich App 546, 555; 652 NW2d 232 (2002). Therefore, we must consider the evidence presented in the light most favorable to the nonmoving party to determine if it created a genuine issue of material fact that can be sent to a jury. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013).

In its first amended complaint, PPL alleged that defendants' conduct of developing and allowing development of the spa on property adjacent to PPL's resulted in the loss of use and enjoyment of its property, and violated multiple city ordinances, thereby resulting in a nuisance per se. A nuisance involves a nontrespassory interference with another's use and enjoyment of its land. *Adkins v Thomas Solvent Co*, 440 Mich 293, 302; 487 NW2d 715 (1992). To recover for an alleged nuisance, a party must establish "actual and substantial injury," i.e. "significant harm." *Wiggins v City of Burton*, 291 Mich App 532, 555-556; 805 NW2d 517 (2011). MCL 125.3407 of the Michigan Zoning Enabling Act provides that "a use of land . . . in violation of a zoning ordinance or regulation adopted under this act is a nuisance per se." In *Ansell v Delta Co Planning Comm*, 332 Mich App 451, 461; 957 NW2d 47 (2020), this Court explained the circumstances under which a private party can pursue a nuisance claim for violation of an ordinance:

> A violation of a zoning ordinance constitutes a public nuisance that, by itself, gives no right of action to an individual and must be abated by the appropriate public officer. However, a private individual who can show damages of a special character distinct and different from the injury suffered by the public generally may bring an

-3-

action to abate a public nuisance arising from the violation of a zoning ordinance. [Quotation marks and citations omitted.]

See also *Lamkin v Hamburg Twp Bd of Trustees*, 318 Mich App 546, 555; 899 NW2d 408 (2017) (KRAUSE, P.J., concurring in part and dissenting in part) (recognizing that a private citizen is permitted to bring an action to abate a nuisance caused by the violation of a zoning ordinance only when the private citizen is impacted "in some way distinct from the general public").

With regard to PPL's claims against the city, governmental agencies are generally immune from tort liability if "engaged in the exercise or discharge of a governmental function." MCL 691.1407(1); *Pike v Northern Mich Univ*, 327 Mich App 683, 691; 935 NW2d 86 (2019). The scope of governmental immunity "is broadly interpreted, and exceptions to it are narrowly construed." *Margaris v Genesee Co*, 324 Mich App 111, 116; 919 NW2d 659 (2018). In this case, PPL contends that the city is not entitled to governmental immunity because it was engaged in a proprietary function. This exception provides:

> The immunity of the governmental agency shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function as defined in this section. Proprietary function shall mean any activity which is conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding, however, any activity normally supported by taxes or fees. [MCL 691.1413.]

"To establish a proprietary function" falling within the governmental-immunity exception, the proponent must show that the activity was "conducted primarily for the purpose of producing a pecuniary profit" and "cannot be normally supported by taxes and fees." *Coleman v Kootsillas*, 456 Mich 615, 621; 575 NW2d 527 (1998). "Ultimately, liability is permitted only where the primary purpose is to produce a pecuniary profit." *Id.* (quotation marks and citation omitted).

To support its reliance on the exception, PPL notes that the city entered a parking easement agreement with Aubuchon/Rejuv for monetary consideration. The consideration paid was only $1. This token payment supports that the city did not grant the easement for the primary purpose of producing profit. Accordingly, the proprietary function exception to governmental immunity is not applicable in this case and the court properly dismissed PPL's nuisance claim against the city.

In its nuisance claim against Aubuchon/Rejuv, PPL cited several zoning ordinances that the site plan violated. It is clear that the spa development did not include buffers and setbacks required by the general zoning ordinances. However, even after the court indicated its belief that different rules applied to site plans in existing PUDs, PPL did not amend its complaint to cite the PUD zoning rules. Indeed, Fenton Ordinances, § 36-13.01 instructs that PUD "standards are a supplementary list of 'overlay' zoning standards which apply to properties" in a PUD and "replace the schedule of regulations listed for the underlying zoning district." Fenton Ordinances, § 36-13.09 provides that a final site plan of a PUD is subject to the standards of approval of Fenton Ordinances, § 36-16.06. Subsection 16 applies to all site plans, not just those in a PUD. But Fenton Ordinances, § 36-13.01 specifically states that these standards may be "relax[ed] or waive[d]" in a PUD. PPL lists various general zoning requirements that were not met in Aubuchon/Rejuv's site plan. However, PPL never alleged, let alone attempted to establish, that

these requirements remained applicable to this site plan as the PUD ordinances permit waiver and "relax[ation]" of regulations. Accordingly, PPL has not demonstrated that the ordinances were actually violated. The trial court therefore did not err in summarily dismissing PPL's nuisance claims against Aubuchon/Rejuv.

## III. SUPERINTENDING CONTROL AND CONSTITUTIONAL CLAIM

The trial court also did not err in rejecting PPL's bid for a writ of superintending control or its motion to file a second amended complaint to add a constitutional count to bolster its request for the writ. We review for an abuse of discretion a trial court's decision on a request for an order of superintending control, *The Cadle Co v Kentwood*, 285 Mich App 240, 246; 776 NW2d 145 (2009), and on a motion to file an amended complaint. *Kostadinovski v Harrington*, 321 Mich App 736, 742-743; 909 NW2d 907 (2017).

> A court does not abuse its discretion in refusing to grant a writ of superintending control where the party seeking the writ fails to establish grounds for granting a writ. For superintending control to lie, the petitioners must establish that the respondents have failed to perform a clear legal duty and the absence of an adequate legal remedy. [*The Cadle Co*, 285 Mich App at 246 (cleaned up).]

See also MCR 3.302.

On March 12, 2007, the Fenton City Council approved a motion for a PUD plan for the city's CBD. As noted, Fenton Ordinances, § 36-13.01 provides the following guidance with regard to PUDs:

> The [PUD] standards are a supplementary list of "overlay" zoning standards which apply to properties simultaneously with one of the other zoning districts established in this chapter, hereinafter referred to as the "underlying" zoning district. For properties approved for PUD designation, these PUD standards replace the schedule of regulations listed for the underlying zoning district in Article XV, Schedule of Regulations.

This section further provides that "[i]n order to encourage PUD developments on specific properties, [the PUD standards] relax or waive one or more of the requirements of the underlying district." When an applicant submits a preliminary site plan for a PUD to the city, the planning commission is charged with considering the request and, before making a recommendation to the city council, holding a public hearing. Fenton Ordinances, § 36-13.05(c). Once the city council receives the planning commission's recommendation, it too is required to hold a public hearing. Fenton Ordinances, § 36-13.05(d). In a CBD district, the city council could approve an overall PUD plan for multiple sites within the PUD, and "then require each subsequent developer to follow the process for [the] final PUD site plan outlined in [Article 36]." Fenton Ordinances, § 36-13.05(k). Because the Fenton City Council had already approved the PUD plan in 2007, Aubuchon/Rejuv proceeded to final site plan review of the spa development.

When the developer proceeded before the city planning commission to obtain approval of its final site plan, the commission reviewed the plan using standards set forth in Article XVI of Chapter 36 and relying on standards set forth in § 16.06. The commission approved the final PUD

site plan with conditions that are not at issue in this appeal. As the city points out, after the original PUD was approved, nothing in Fenton Ordinances, § 36-16.06 required that notice be provided personally to abutting landowners when later developers sought approval of their individual site plans. PPL was not entitled to personal notice of the May 31, 2018 planning commission meeting and it has not demonstrated that the city failed to perform a clear legal duty in approving the spa site plan. Moreover, once the private defendants successfully obtained approval of the final site plan from the planning commission, PPL could have proceeded with an appeal to the ZBA under Fenton Ordinances, § 36-16.10(a) ("Any person aggrieved by the decision of the planning commission in granting or denial of final site plan approval shall have the right to appeal the decision to the [ZBA].").[1] Therefore, the trial court did not abuse its discretion by declining to enter an order of superintending control.

The court also did not abuse its discretion in denying PPL's motion to file a second amended complaint as the addition of the new constitutional count would have been futile. MCR 2.118(A)(2) provides that if a party seeks to amend a pleading, the trial court shall freely grant leave "when justice so requires." However, "the trial court need not give a party an opportunity to amend a pleading if the amendment would be futile." *Zwiker v Lake Superior State Univ*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket Nos. 355128, 355377; 357275); p 16, lv pending.

> An amendment is futile where, ignoring the substantive merits of the claim, it is legally insufficient on its face. A proposed amendment is also futile if summary disposition would be appropriately granted regarding the new claims, either when a party has not established a genuine issue of material fact regarding an element, or when the undisputed facts establish that summary disposition would be appropriate, [*Zwicker*, ___ Mich App at ___; pp 16-17 (quotation marks and citations omitted).]

PPL argues that it was denied procedural due process because it was not personally notified of the changes to the property abutting its land when the spa site plan was approved. Procedural due process requires that "deprivation of life, liberty, or property by adjudication must be preceded by notice and an opportunity to be heard." *Bonner v Brighton*, 495 Mich 209, 235; 848 NW2d 380 (2014). However, as already explained, the applicable ordinances *did not* require that PPL be provided with personal notice of the May 31, 2018 planning commission meeting at which the site plan was approved with conditions. Accordingly, the city could not have violated PPL's right to

---

[1] PPL complains that the right to a ZBA appeal was eliminated by Fenton Ordinances, § 36-13.13, which states:

> Amendments, appeals, and variances related to a PUD cannot be taken to the [ZBA] in a PUD. Amendments can only be granted by the planning commission when it is determined that the requested amendments are in keeping with the overall purpose of PUD, as identified in section 36-13.01 Purpose and improve the quality of the development.

This provision governs challenges by a developer within a PUD who seeks to deviate from the approved PUD. It does not apply to private citizens claiming injury from the approval of a specific site plan within a PUD.

notice and a court cannot take superintending control to require notice. Accordingly, the amendment was properly denied as futile.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Christopher P. Yates