*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GERALDINE L. IVEY,

      Plaintiff-Appellant,

v

FRED H. KAUL FUNERAL HOME, INC,

      Defendant,

and

LAURA BERLIN,

      Defendant-Appellee.

UNPUBLISHED
November 10, 2022

No. 358451
Macomb Circuit Court
LC No. 2021-001417-CZ

Before: GARRETT, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Plaintiff Geraldine Ivey appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(8) in favor of defendant Laura Berlin and dismissing Ivey's claims of conversion and intentional infliction of emotional distress (IIED). Ivey argues that the trial court erred by granting Berlin's motion for summary disposition, by denying Ivey's motion for reconsideration, and by denying Ivey's request to amend her complaint. For the reasons set forth in this opinion, we affirm.

## I. FACTUAL BACKGROUND

This case involves a dispute among two sisters, Ivey and Berlin, following the death of their mother, Marie Ilardo. In 2012, Ivey entered into a prearranged agreement with defendant Kaul Funeral Home for Ilardo's funeral services. Ilardo died in Macomb County on January 22, 2019, and Berlin organized the funeral arrangements. Ivey, who lived in Texas, alleged that Berlin did not inform her about their mother's death before making hurried funeral arrangements and excluded her from involvement in carrying out their mother's last wishes.

In April 2021, Ivey filed suit against Berlin, raising claims of conversion and IIED.[1]  For the claim of conversion, Ivey alleged that Berlin wrongfully withheld and secretly retained 16 envelopes with monetary gifts left at the funeral, as well as Ilardo's three yellow rings, rosary, and other personal effects.  For the IIED claim, Ivey stated that Berlin's conduct surrounding the funeral arrangements, as alleged throughout the complaint, was intentional, extreme, and outrageous, and caused Ivey severe emotional distress.

Berlin moved for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing in part that Ivey failed to state a claim of conversion and IIED.  The trial court granted Berlin's motion under MCR 2.116(C)(8).[2]  The court held that Ivey failed to state a valid claim of conversion because Ivey did not allege that she owned any of the items taken by Berlin.  In addition, the court dismissed the IIED claim, holding that Ivey's allegations related to Berlin's conduct could not be characterized as extreme or outrageous.

Ivey moved for reconsideration, arguing that she sufficiently stated a claim of conversion against Berlin.  Ivey contended that she was a beneficiary of Ilardo's estate, and that Berlin, by wrongfully taking monetary gifts and personal effects, denied Ivey's interest in this property.  Ivey also argued that the factual allegations involving Berlin's extreme and outrageous conduct stated a claim of IIED.  Ivey stated, in the alternative, that the trial court should allow her an opportunity to amend her complaint under MCR 2.116(I)(5).

The trial court denied Ivey's motion for reconsideration.  For the conversion claim, the trial court found that Ivey failed to support her position that she had a property interest in the items allegedly taken by Berlin.  The trial court also stated that the IIED claim was properly dismissed because Berlin's alleged conduct could not be characterized as extreme or outrageous.  Finally, the trial court denied Ivey's request to amend her complaint because Ivey failed to support her request with any details on the claims she sought to add or amend.  Ivey now appeals.

## II.  SUMMARY DISPOSITION

Ivey argues that the trial court erred by granting Berlin's motion for summary disposition and dismissing Ivey's claims of conversion and IIED.  We review a trial court's decision on a motion for summary disposition de novo.  *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019).  De novo review means that we "review the legal issue independently" and without deference to the trial court.  *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019).  In *El-Khalil*, 504 Mich at 159-160, the Supreme Court recited the legal standard for reviewing a motion for summary disposition under MCR 2.116(C)(8):

---

[1] Ivey also raised claims against Kaul Funeral Home, but they were dismissed by stipulation of the parties.

[2] The trial court did not specify whether it granted summary disposition under MCR 2.116(C)(8) or (C)(10).  We construe the trial court as having granting the motion on (C)(8) grounds because the court's opinion and order did not rely on evidence beyond the pleadings.  See *Krass v Tri-County Security, Inc*, 233 Mich App 661, 664-665; 593 NW2d 578 (1999).

A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint. When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery. [Citations omitted.]

## A. CONVERSION

Ivey argues that the trial court erred by concluding that she failed to state a claim of conversion.[3] Common-law conversion is "any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his right therein." *Aroma Wines & Equip, Inc v Columbian Distribution Servs, Inc*, 497 Mich 337, 346; 871 NW2d 136 (2015) (quotation marks and citations omitted). Conversion is generally considered "an intentional tort because the converter's acts are willful, [but] one can also commit this tort while being unaware of the plaintiff's property interest." *Lawsuit Financial, LLC v Curry*, 261 Mich App 579, 591; 683 NW2d 233 (2004). "Conversion may occur when a party properly in possession of property uses it in an improper way, for an improper purpose, or by delivering it without authorization to a third party." *Dep't of Agriculture v Appletree Mktg, LLC*, 485 Mich 1, 14; 779 NW2d 237 (2010). When the plaintiff fails to allege facts establishing that the defendant wrongfully exercised control over the property, the plaintiff fails to state a claim of common-law conversion. See *Lawsuit Financial*, 261 Mich App at 591-592.

Ivey contends that Berlin wrongfully took items intended for Ilardo's estate. As an equal devisee of the estate, Ivey argues that Berlin's actions denied Ivey her interest in these items.

Ivey's complaint alleged that Berlin "wrongfully withheld" 16 envelopes with monetary gifts, and Ilardo's three yellow rings, rosary, and other personal effects. She also alleged that she "did not give Defendant Berlin permission to accept or keep these items, and Defendant Berlin otherwise did not have any right to retain them." Missing from Ivey's allegations is *why* Berlin needed permission from Ivey to control these items. Ivey did not allege that these items were her personal property. And crucially, nowhere in the complaint did Ivey allege that she was entitled to the property as a devisee of Ilardo's estate.[4] Ivey mentioned Ilardo's will for the first time in

---

[3] Ivey's complaint did not specify that the conversion claim was one of common-law conversion rather than statutory conversion. We construe the complaint as raising a claim of common-law conversion because Ivey does not cite MCL 600.2919a, the statutory conversion provision, or otherwise suggest that she is raising a statutory claim.

[4] We need not decide whether Ivey would have stated a claim of conversion had she made such an allegation. Whether the property alleged to have been taken by Ivey became property of Ilardo's estate, and whether Ivey therefore had an interest in that property, are generally questions for a probate court to first decide. But certainly the absence of allegations involving property of the

her motion for reconsideration. But without amending her complaint to include allegations about the will and its impact on Ivey's entitlement to the property, the trial court could not consider this information on a (C)(8) motion.[5] See *El-Khalil*, 504 Mich at 159-160. We also cannot consider the will, or Ivey's status as a devisee, in deciding whether the trial court properly granted Berlin's motion for summary disposition under subrule (C)(8). Our review is limited to the complaint, which does not allege that Ivey had a property interest in the items taken by Berlin as a beneficiary of their mother's estate. Instead, Ivey summarily stated that Berlin "wrongfully withheld" the alleged items from Ivey because Berlin had no right to retain them. "A mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *Lawsuit Financial*, 261 Mich App at 592. Because Ivey did not allege facts establishing that Berlin wrongfully exercised control over the disputed items, the trial court did not err by dismissing Ivey's claim of conversion under MCR 2.116(C)(8).

## B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Next, Ivey asserts that the trial court erred by dismissing her IIED claim. "To establish a prima facie claim of intentional infliction of emotional distress, the plaintiff must present evidence of (1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff." *Walsh v Taylor*, 263 Mich App 618, 634; 689 NW2d 506 (2004). "Liability attaches only when a plaintiff can demonstrate that the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Lewis v LeGrow*, 258 Mich App 175, 196; 670 NW2d 675 (2003) (quotation marks and citation omitted). "[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" cannot support an IIED claim. *Doe v Mills*, 212 Mich App 73, 91; 536 NW2d 824 (1995). But where reasonable minds may differ on whether the defendant's conduct was extreme and outrageous, summary disposition is unwarranted. See *Hayley v Allstate Ins Co*, 262 Mich App 571, 577; 686 NW2d 273 (2004).

The allegations against Berlin made by Ivey in her complaint do not rise to the level of extreme and outrageous conduct. Ivey alleged that Berlin retained monetary gifts left by individuals at their mother's funeral and took some personal effects of their mother. While this conduct could be considered unbecoming of a family member, reasonable minds could not conclude that the conduct went "beyond all possible bounds of decency" and was "atrocious and utterly intolerable in a civilized community." See *Lewis*, 258 Mich App at 196. Nor do Ivey's allegations about Berlin's planning and execution of the funeral arrangements create a question of fact. For instance, one of Ivey's most striking claims is that Berlin "provided beer and Fireball shots for guests of their mother's visitation." Accepting this allegation as true, reasonable minds again could not consider that allegation "atrocious and utterly intolerable in a civilized

---

estate—allegations that form the basis for Ivey's argument on appeal—helps us to conclude that Ivey failed to state a claim of conversion.

[5] For reasons discussed later, the trial court did not abuse its discretion by denying Ivey's unsupported request to amend her complaint.

community." See *Lewis*, 258 Mich App at 196.[6] Simply put, the conduct alleged by Ivey does not meet the standard for extreme and outrageous conduct as defined by our caselaw; the allegations are more reasonably considered oppressive conduct related to disagreement among family members about the planning of their mother's funeral and entitlement to certain items.

Examples from caselaw further show why the facts alleged by Ivey do not rise to the level of extreme and outrageous conduct. In cases in which this Court has found questions of fact in IIED claims, the alleged conduct was far more extreme and outrageous than the conduct alleged here. See, e.g., *Swain v Morse*, 332 Mich App 510, 535-537; 957 NW2d 396 (2020) (unwanted sexual touching); *Lewis*, 258 Mich App at 197-198 (secretly recorded consensual sexual activity); *Johnson v Wayne Co*, 213 Mich App 143, 161-162; 540 NW2d 66 (1995) (juror in murder trial held in contempt of court and placed in holding cell with the alleged murderer); *Doe*, 212 Mich App at 91-93 (publicizing plaintiffs' names and the fact of their abortions on large signs held up outside clinic entrance). Unlike the examples in the cited cases, reasonable individuals could not differ on whether Berlin's alleged conduct was extreme and outrageous. The trial court did not err by concluding that dismissal of the IIED claim was appropriate.

### III. MOTION FOR RECONSIDERATION

Next, Ivey contends that the trial court erred by denying her motion for reconsideration. We review a trial court's decision on a motion for reconsideration for an abuse of discretion. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes. *Id*. at 625.

MCR 2.119(F) governs motions for reconsideration and states in relevant part:

(3) Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Ivey's motion largely presented the same arguments ruled on by the trial court in granting Berlin's motion for summary disposition. To the extent that Ivey raised new factual allegations in the motion for reconsideration to sustain her claims, the trial court could not consider them in deciding on a (C)(8) motion for summary disposition. See *El-Khalil*, 504 Mich at 159-160. Ivey did not

---

[6] Had Ivey alleged, for example, that her mother's express wishes were to have a solemn visitation and service, we might view Berlin's alleged conduct differently. But the allegation that Berlin provided alcohol to guests does not establish extreme and outrageous behavior. Families differ widely in the types of ceremonies they organize for relatives who have passed away—ranging from mournful, subdued services to joyous, merry celebrations of life.

establish that the trial court palpably erred by dismissing her claims against Berlin, and therefore the trial court did not abuse its discretion by denying Ivey's motion for reconsideration.

## IV. AMENDMENT OF PLEADINGS

Lastly, Ivey argues that the trial court erred by denying her request to amend the complaint. We review a trial court's decision denying a motion to amend pleadings for an abuse of discretion. *Kostadinovski v Harrington*, 321 Mich App 736, 742-743; 909 NW2d 907 (2017).

MCR 2.116(I)(5) provides that if the trial court grants summary disposition under subrule (C)(8), "the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." At the time Ivey requested an opportunity to amend her complaint, she could do so "only by leave of the court or by written consent of the adverse party." MCR 2.118(A)(2). "Leave shall be freely given when justice so requires." *Id*. Thus, "[a] motion to amend ordinarily should be granted." *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997). But a trial court may deny a motion to amend a pleading for particularized reasons, which include undue delay and futility. *Kostadinovski*, 321 Mich App at 743.

Fatal to Ivey's argument is the fact that Ivey never filed a motion to amend her complaint. Instead, in a single sentence at the end of her motion for reconsideration, she wrote that the trial court should alternatively allow her an opportunity to amend the complaint under MCR 2.116(I)(5). Ivey did not attach any proposed amendments, nor did she explain whether she intended to add claims or simply include additional factual allegations. As the trial court accurately stated, Ivey "summarily requests permission to file an amended complaint without providing any details as to what claim(s) she seeks to amend or add." A trial court cannot determine whether an amendment is futile, for instance, if the moving party does not reveal its contents. We are similarly hampered on appeal. Not only that, but amendments "must be filed in writing." MCR 2.118(A)(4). When a plaintiff fails to offer a proposed amendment in writing, "the plaintiff has failed to comply with the court rule and the trial court does not abuse its discretion by denying the request to amend." *Twp of Grayling v Berry*, 329 Mich App 133, 151-152; 942 NW2d 63 (2019). For those reasons, the trial court did not abuse its discretion by denying Ivey's request to amend the complaint.

## V. CONCLUSION

The trial court did not err by granting Berlin's motion for summary disposition, denying Ivey's motion for reconsideration, and denying Ivey's request to amend the complaint. We affirm.

/s/ Kristina Robinson Garrett
/s/ Colleen A. O'Brien
/s/ James Robert Redford

-6-