Memorandum Opinion. The issue presented in this case concerns the proper disposition of a medical-malpractice lawsuit after a court determines that the plaintiffs affidavit of merit does not meet the requirements of MCL 600.291.2d.[1] The Court of Appeals held that, because plaintiffs’ affidavit of merit was determined to be defective, plaintiffs’ claim must be dismissed with prejudice. Kirkaldy v Rim (On Remand), 266 Mich App 626, 636-637; 702 NW2d 686 (2005). However, the majority of the panel indicated that it would not reach that result if it were not bound by Mouradian v Goldberg, 256 Mich App 566; 664 NW2d 805 (2003), and Geralds v Munson Healthcare, 259 Mich App 225; 673 NW2d 792 (2003).[2] This Court scheduled oral argument on plaintiffs’ application for leave to appeal. 477 Mich 1063 (2007).[3] In lieu of granting leave to appeal, we reverse the Court of Appeals and overrule Geralds, supra; Mouradian, supra; and their progeny. MCR 7.302(G)(1).
In Geralds and Mouradian, the Court of Appeals purported to rely on this Court’s opinion in Scarsella v *584 Pollak, 461 Mich 547; 607 NW2d 711 (2000), to hold that filing a defective affidavit of merit is the functional equivalent of failing to file an affidavit of merit for the purpose of tolling the period of limitations. Therefore, the Court held that a defective affidavit of merit does not toll the period of limitations under MCL 600.5856.[4] Because the issue presented in Scarsella is distinct from the issues presented in Mouradian and Geralds, the Court of Appeals erred in extending Scarsella’s holding to these cases.[5]
Scarsella concerned the tolling effect of a medical-malpractice complaint filed without an affidavit of merit. This Court held that filing a medical-malpractice complaint without an affidavit of merit “is ineffective, and does not work a tolling of the applicable period of limitation.” Id. at 553. However, in the very next sentence, this Court noted that “[t]his holding does not extend to a situation in which a court subsequently determines that a timely filed affidavit is inadequate or defective.” Id. In a footnote to that sentence, this Court further stated that “[w]e do not decide today how well the affidavit must be framed. Whether a timely filed affidavit that is grossly nonconforming to the statute tolls the statute is a question we save for later decisional development.” Id. at 553 n 7 (emphasis in Scarsella).
Mouradian was the first attempt by the Court of Appeals at that decisional development. The Court held that the affidavit of merit was “grossly nonconforming” *585 because it did not contain all the statutorily required statements. Because the affidavit was deemed “grossly nonconforming,” it was “insufficient to constitute an affidavit of merit within the meaning of the statute . ...” Mouradian, supra at 574. The Court went on to hold that “as a matter of law, plaintiffs’ complaint against defendants for the second surgery was not commenced because of their failure to file an affidavit of merit before the period of limitations expired ....” Id. Thus, under Mouradian, filing a “grossly nonconforming” affidavit of merit, similar to failing to file any affidavit, does not toll the period of limitations under MCL 600.5856(a).
In Geralds, the Court of Appeals extended the Mouradian rule beyond a grossly nonconforming affidavit to any nonconforming affidavit. The Geralds panel held that
whether the adjective used is “defective” or “grossly nonconforming” or “inadequate,” in the case at bar, plaintiff s affidavit did not meet the standards contained in MCL 600.2912d(1).... [P]laintiff s affidavit was defective and did not constitute an effective affidavit for the purpose of MCL 600.2912d(1) and, therefore, plaintiff filed a complaint without an affidavit of merit sufficient to commence a medical malpractice action. [Geralds, supra at 240.]
Although bound by Geralds, the panel in the present case criticized it as “especially harsh,” inconsistent with Scarsella, and inconsistent with MCL 600.5856(a). Kirkaldy (On Remand), supra at 635-636.
We agree that Geralds and Mouradian are inconsistent with Scarsella and MCL 600.5856(a). Under MCL 600.5856(a) and MCL 600.2912d, the period of limitations is tolled when a complaint and affidavit of merit are filed and served on the defendant. Scarsella, supra at 549. In this case, as in Geralds and Mouradian, *586 plaintiff filed and served a complaint and affidavit of merit. Thus, the period of limitations was tolled on that date. Recently, this Court held that “when an affidavit is filed, it is presumed valid. It is only in subsequent judicial proceedings that the presumption can be rebutted.” Saffian v Simmons, 477 Mich 8, 13; 727 NW2d 132 (2007). Therefore, a complaint and affidavit of merit toll the period of limitations until the validity of the affidavit is successfully challenged in “subsequent judicial proceedings.” Only a successful challenge will cause the affidavit to lose its presumption of validity and cause the period of limitations to resume running.
Thus, if the defendant believes that an affidavit is deficient, the defendant must challenge the affidavit. If that challenge is successful, the proper remedy is dismissal without prejudice. Scarsella, supra at 551-552. The plaintiff would then have whatever time remains in the period of limitations within which to file a complaint accompanied by a conforming affidavit of merit.
We reverse the Court of Appeals holding to the contrary and remand to the Wayne Circuit Court for further proceedings consistent with this opinion.
TAYLOR, C.J., and WEAVER, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.

 Plaintiffs here filed an affidavit of merit that the circuit court later determined to he nonconforming with the requirements of MCL 600.2912d.

 Judge Kelly concurred in the result only.

 The order directed the parties to address three issues: “(1) whether filing a medical malpractice complaint with a defective affidavit of merit can toll the statute of limitations; (2) whether a defect in an affidavit of merit filed with a medical malpractice complaint can be cured without refiling the complaint; and (3) whether Geralds v Munson Healthcare, 259 Mich App 225 (2003), was correctly decided.” 477 Mich 1063 (2007).

 When this case was filed, MCL 600.5856 provided in part:
The statutes of limitations or repose are tolled:
(a) At the time the complaint is filed and a copy of the summons and complaint are served on the defendant.

 Nothing in this decision calls into question our decision in Scarsella.