# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 11, 2008

134477

JENNIFER L. DULEMBA,
      Plaintiff-Appellant,

v

THOMAS M. COOLEY LAW SCHOOL,
      Defendant-Appellee.

Clifford W. Taylor,
*Chief Justice*

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
*Justices*

SC: 134477
COA: 274811
Ingham CC: 05-001149-CZ

_____/

On order of the Court, the application for leave to appeal the June 12, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, J., dissents and states as follows:

Plaintiff attempted to sue defendant Thomas M. Cooley Law School in the Ingham Circuit Court alleging a violation of the Persons with Disabilities Civil Rights Act.[1] The complaint was delivered to the clerk of the court on September 19, 2005, the day that the statutory period of limitations expired. However, the complaint was not signed. The clerk informed plaintiff of the error a few days later. On September 27, plaintiff corrected the error. Defendant subsequently moved for summary disposition on the basis that the claim was barred by the statute of limitations. The circuit court agreed and granted defendant's motion. The Court of Appeals affirmed in an unpublished opinion per curiam, issued June 12, 2007 (Docket No. 274811).

Plaintiff argues that her claim is timely because it was "filed" on September 19, 2005. I find merit to her argument and would grant leave to appeal to consider it further.

_____

[1] MCL 37.1101 *et seq.*

A claim is untimely unless it is commenced within the period provided by the applicable statute of limitations.[2] "A civil action is commenced by filing a complaint with the court."[3]

Here, the complaint was delivered to the court within the period of limitations. But it was not signed until after the limitations period had expired. Accordingly, the issue is whether delivery of the document to the clerk of the court was sufficient to "file" the complaint or whether the complaint was "filed" only after it was signed.

In considering this issue, I find MCR 2.114(C)(2) instructive. That court rule provides:

> Failure To Sign. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party.

Hence, an unsigned document will be "stricken unless it is signed promptly." The fact that the document may be "stricken" indicates that it was "filed" when it was delivered to the clerk. If the document had not been "filed" upon delivery, there would be no need to strike it. Therefore, it appears that an unsigned complaint is "filed" upon delivery, but it will be stricken if it is not signed promptly.

In this case, the complaint was delivered to the clerk before the expiration of the period of limitations, and plaintiff signed it promptly after she was informed that it was unsigned. Therefore, if the above argument is correct, the complaint was timely filed. I would grant leave to consider this argument further.

Besides finding support for plaintiff's position in MCR 2.114(C)(2), I find the facts of this case analogous to those in *Kirkaldy v Rim.*[4] In that case, the plaintiff filed with the court an affidavit of merit that was defective.[5] The Court of Appeals determined that the filing did not toll the period of limitations.[6] This Court unanimously reversed, concluding that the statutory period of limitations was tolled when the complaint and affidavit of merit were filed, regardless of whether the affidavit was defective.[7]

---

[2] MCL 600.5805(1).

[3] MCL 600.1901.

[4] *Kirkaldy v Rim,* 478 Mich 581 (2007).

[5] *Id.* at 583.

[6] *Id.*

[7] *Id.* at 585-586.

Similarly, here, plaintiff filed a complaint but failed to sign it. In essence, she filed a defective complaint. But just as a defective affidavit of merit was sufficient in *Kirkaldy,* so too should a defective complaint be sufficient here.

Because I find support for plaintiff's argument in MCR 2.114(C)(2) and in *Kirkaldy*, I would grant leave to appeal to consider whether we should reverse the Court of Appeals decision on this interesting issue.

WEAVER, J., joins the statement of KELLY, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 11, 2008

_____
Clerk

p0108