*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLETTE LEGION-LONDON, also known as
CHARLETTE LEGION, and CHARLETTE
LONDON,

          Plaintiff-Appellant,

v

SURGICAL INSTITUTE OF MICHIGAN
AMBULATORY SURGERY CENTER, LLC,
MICHIGAN BRAIN & SPINE PHYSICIANS
GROUP, PLLC, KEVIN T. CRAWFORD, D.O.,
P.C., KEVIN T. CRAWFORD, D.O., and ARIA
SABIT, M.D.,

          Defendants-Appellees.

FOR PUBLICATION
February 6, 2020
9:00 a.m.

No. 344838
Oakland Circuit Court
LC No. 2016-155115-NH

Before: CAMERON, P.J., and CAVANAGH and SHAPIRO, JJ.

SHAPIRO, J.

The trial court granted summary disposition to defendants, Kevin T. Crawford, D.O., and Kevin T. Crawford, D.O., PC (collectively "defendants"), on the grounds that the author of the affidavit of merit (AOM) filed with the complaint was not an expert in Dr. Crawford's medical specialty. The trial court also denied plaintiff's motion to amend her AOM pursuant to MCR 2.112(L)(2)(b). The proposed amendment revised the affidavit to correctly identify Dr. Crawford's specialty as orthopedics and contained the notarized signature of an expert in orthopedics. The trial court denied the motion, reasoning that because a different expert had signed the affidavit, it could not be considered an amendment and dismissed the case. Because the statute of limitations had already run, the case could not be refiled and plaintiff appealed from the dismissal. For the reasons stated in this opinion, we reverse the order granting summary

disposition, and remand for the trial court to accept the amendment for filing and for further proceedings consistent with this opinion.[1]

## I. FACTS AND PROCEDURE

Plaintiff filed this medical malpractice suit against two surgeons: Dr. Aria Sabit, a neurosurgeon who was listed on the operative report as the "Surgeon," and Dr. Crawford, identified on the report as "Assistant." Plaintiff's complaint was filed with an AOM signed by a neurosurgeon, stating that the relevant standard of care was that of a neurosurgeon and that both doctors had violated it.

Dr. Sabit defaulted[2] and the case proceeded only against Dr. Crawford and his practice. Dr. Crawford filed a motion for summary disposition asserting that the AOM was deficient because the standard of care applicable to him was that of an orthopedist, not a neurosurgeon. Plaintiff raised several arguments concerning the suitability of the AOM, and subsequently moved to file an amended AOM that referred to the standard of care for an orthopedist and was signed by an orthopedist. The trial court granted defendants' motion for summary disposition and later denied the motion to amend, concluding that the proffered revised affidavit did not constitute an amendment because the affiant was not the same doctor as the one signing the initial AOM.[3]

## II. ANALYSIS

This case is controlled by two court rule amendments each of which became effective on May 1, 2010. The first, MCR 2.112(L), was amended by the addition of subsection (2). 485 Mich. cclxxv, cclxxvi. Subsection (2)(b) provided a step-by-step procedure to be followed if a defendant believes that the AOM is defective. It provides that the defendant must make its challenge within 63 days of service and that a defective affidavit may be amended. It reads in pertinent part:

---

[1] We review a trial court's denial of a motion to amend a pleading, including an AOM, for an abuse of discretion. *Jackson v Detroit Med Ctr*, 278 Mich App 532, 539; 753 NW2d 635 (2008). An abuse of discretion occurs when a trial court's decision falls "outside the range of reasonable and principled outcomes." *Souden v Souden*, 303 Mich App 406, 414; 844 NW2d 151 (2013). We review de novo the interpretation of court rules. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). "We employ statutory construction principles when interpreting court rules, applying the rule's plain and unambiguous language as written." *Spine Specialists of Mich, PC v State Farm Mut Auto Ins Co*, 317 Mich App 497, 501; 894 NW2d 749 (2016). "When interpreting a court rule, we must read the rule's provisions reasonably and in context." *In re McCarrick/Lamoreaux*, 307 Mich App 436, 446; 861 NW2d 303 (2014) (quotation marks and citations omitted).

[2] Dr. Sabit is currently serving a 19 ½ year term in federal prison having been convicted of crimes including health care fraud and conspiracy.

[3] Plaintiff also argues that the trial court erred in granting defendants summary disposition because her counsel had a reasonable belief that Dr. Crawford's actions were governed by the standard of care applicable to neurosurgeons since he was merely assisting in the surgery performed by a neurosurgeon. Given our decision allowing the amendment, we need not decide that issue.

(2) In a medical malpractice action, unless the court allows a later challenge for good cause:

* * *

(b) all challenges to an affidavit of merit or affidavit of meritorious defense, including challenges to the qualifications of the signer, must be made by motion, filed pursuant to MCR 2.119, within 63 days of service of the affidavit on the opposing party. An affidavit of merit or meritorious defense may be amended in accordance with the terms and conditions set forth in MCR 2.118 and MCL 600.2301. [MCR 2.112(L)(2)(b).]

The other 2010 amendment revised MCR 2.118(D). 485 Mich cclxxvi. This amendment provided that a party could request to amend an AOM pursuant to that rule and that the amended affidavit would relate back to the original filing. The text of the rule, with the added language emphasized, reads:

An amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading. *In a medical malpractice action, an amendment of an affidavit of merit or affidavit of meritorious defense relates back to the date of the original filing of the affidavit*. [MCR 2.118(D) (emphasis added).]

MCR 2.118(D) does not place limits on the nature of the amendment. It provides for all types of amendments provided that the substance relates to the same conduct as the original pleading. Indeed, "[i]t does not matter whether the proposed amendment introduces new facts, a different cause of action, or a new theory, so long as the amendment springs from the same transactional setting as that pleaded originally." *Kostakinovski v Harrington*, 321 Mich App 736, 744; 909 NW2d 907 (2017). See also *Doyle v Hutzel Hosp*, 241 Mich App 206, 212-213; 615 NW2d 759 (2000). Here, it is undisputed that plaintiff's proposed amendment arose out of the same conduct as the conduct described in the original AOM. The substantive allegations pertain to the same event, and the allegations regarding the breach of standard of care are materially the same. Therefore, plaintiff's proposed amendment is within the purview of the amendments governed by MCR 2.118(D).

Defendants do not refer us to any language in MCR 2.118 indicating that an AOM signed by a different expert should not be considered an amendment. And it is well settled that under MCR 2.118(A)(2), "[l]eave [to amend] shall be freely given when justice so requires." Motions to amend should only be denied for "the following particularized reasons: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of the amendment." *Lane v KinderCare Learning Ctrs, Inc*, 231 Mich App 689, 697; 588 NW2d 715 (1998). There may be instances where seeking to substitute a different affiant implicates one of these reasons for denial. But none is present here, or at least defendants have not identified one.

Moreover, an amendment requiring a change in expert affiant is clearly contemplated by the text of MCR 2.112(L)(2)(b) as amended in 2010. Again, the rule states:

> (b) all challenges to an affidavit of merit or affidavit of meritorious defense, *including challenges to the qualifications of the signer*, must be made by motion, filed pursuant to MCR 2.119, within 63 days of service of the affidavit on the opposing party. An affidavit of merit or meritorious defense may be amended in accordance with the terms and conditions set forth in MCR 2.118 and MCL 600.2301. [MCR 2.112(L)(2)(b) (emphasis added).]

Significantly, MCR 2.112(L)(2)(b) does not limit itself to errors in the body of the AOM, but applies also to the "qualifications of the signer." Because such a correction will, for all intents and purposes, require that a different health professional sign the affidavit, the text of the rule allows a plaintiff to amend her AOM by submitting one signed by a properly qualified physician. Holding otherwise would render nugatory the rule's reference to "qualifications of the signer." See *Casa Bella Landscaping, LLC v Lee*, 315 Mich App 506, 510; 890 NW2d 875 (2016) ("Court rules, like statutes, must be read to give every word effect and to avoid an interpretation that would render any part of the [court rule] surplusage or nugatory.") (quotation marks and citation omitted; alteration by *Casa Bell Landscaping*). Moreover, requiring the defendant to promptly notify a plaintiff that the affiant is not properly qualified would serve no purpose if plaintiff was not also permitted to amend the affidavit so as to have a properly qualified expert.[4]

In its ruling from the bench, the trial court did not address either of the amended court rules. It instead relied on two cases decided pursuant to the rules as they existed *prior* to the 2010 amendments. In *Ligons v Crittenton Hosp*, 490 Mich 61, 85; 803 NW2d 271 (2011), the Supreme Court held that an AOM may not be amended because it was not a "pleading" under the pre-amendment version of MCR 2.118. However, the *Ligons* Court made explicitly clear that it was ruling solely on the law as it existed prior to the 2010 court rule amendments and explicitly "decline[d] to apply the amended versions" of the rules. *Id*. at 87-89.[5] And, as noted, the amendment to MCR 2.118(D) specifically refers to "an amendment of an affidavit of merit." Thus,

---

[4] Our dissenting colleague suggests that the language regarding the qualifications of the signer was intended only to allow correction of a clerical error in fully identifying the specialty of the affiant. However, the dissent fails to cite a single case in which such an error occurred, let alone one in which it was corrected by use of this provision. Nor has our research revealed any case in which an expert's qualifications complied with MCL 600.2169 but were misstated in the AOM. By contrast, there have been numerous cases involving the striking of AOMs on the ground that the expert actually lacked the relevant matching specialty. See e.g., *Kirkaldy v Rim*, 266 Mich App 626, 629; 702 NW2d 686 (2005), rev'd *Kirkaldy v Rim*, 478 Mich 581; 734 NW2d 201 (2007); *Geralds v Munson Healthcare*, 259 Mich App 225, 227-229; 673 NW2d 792 (2003), overruled by *Kirkaldy*, 478 Mich 581. We decline to conclude that the change in the court rule was adopted in order to address a problem that had never occurred and to ignore the problem that had repeatedly arisen.

[5] Indeed, the Court captioned the relevant section of the opinion: "THE NEW VERSIONS OF MCR 2.112 AND MCR 2.118 ARE NOT APPLICABLE." *Ligons*, 490 Mich at 87.

-4-

whether one considers an AOM to be a pleading is irrelevant under the amended rule because it specifically provides for AOM amendments in addition to amendments to pleadings.[6]

The other case relied on by the trial court was *Lucas v Awaad*, 299 Mich App 345; 830 NW2d 141 (2013), which like *Ligons* was governed by the law prior to the 2010 court rule revisions. In that case, the affidavits of meritorious defense (AOMDs) did not address the standard of care and so were defective. *Id*. at 358. The defendant-physician then sought to file an AOMD signed by himself as an amendment. *Id*. This Court rejected that effort on two grounds. First, it held that even if the defendant's own AOMD was considered an amendment it would not be permitted under MCR 2.118 prior to its 2010 revision. The Court was careful to limit the scope of its decision, pointing out that a deficient AOM or AOMD may not be amended "*under the version of MCR 2.118 in effect*" at the time the case was filed. *Id*. at 377 (quotation marks and citation omitted; emphasis added). As previously discussed, MCR 2.118(D) now permits amendments to AOMs whether or not they are regarded as pleadings.

Second, this Court in *Lucas* stated that the affidavit signed by the defendant himself was "not an amendment of a previously submitted affidavit" and was instead "an entirely new affidavit."[7] *Id*. at 375-376. This conclusion also has no bearing on the issue as governed by the 2010 court rule changes. As discussed, precluding amendments to the author of an affidavit would essentially nullify MCL 2.112(L)(2)(b)'s reference to "qualifications of the signer." Defendants

---

[6] The dissent concludes that the means to cure a defective affidavit provided in the court rules cannot apply to an error regarding expert qualifications because MCL 600.2169d provides that an incorrect expert match could still be deemed adequate if the attorney had a good faith belief in its accuracy. Contrary to the dissent, we find no conflict, textual or otherwise, between the statute and the court rule. The statute provides a means to avoid dismissal due to an expert-qualification defect in the AOM, and the court rule provides another mechanism to do so that applies to all defects including those concerning expert qualifications. Further, the statute does not contain any language suggesting that a corrective mechanism adopted later by court rule regarding AOM defects should not apply to expert-qualification defects or that the statute's mechanism must be exclusive. And, as noted, MCR 2.112(L)(2)(b) employs the broadest possible language, providing for curative amendments as to "*all* challenges to an affidavit of merit," and specifically refers to amendments in order to address challenges to the "qualifications of the signer." (Emphasis added). Lastly, under the statute, an expert qualification error is the only defect that *need not result in dismissal*. The dissent's view that the court rule amendments apply to all defects except those involving expert qualifications would make such defects the only ones that *do result in dismissal*—exactly the opposite status intended by the statute.

[7] Unfortunately, the opinion in *Lucas* did not explain the basis for its conclusion that an affidavit signed by a different expert is not an amendment of a previously filed affidavit. This single conclusory sentence was the entirety of the analysis provided. While the court rule amendments render this question moot, it is difficult to see why a change of affiant constitutes a "new" affidavit any more than does a change in theory, facts and claims. Certainly, an amendment that adds a wholly new theory, a different claim, or additional facts could readily be termed "new" as it is not the same as the original.

do not contest that MCR 2.112(L)(2) provides for amendments to the text of the affidavit including the particular medical specialty at issue. However, if the amendment to the AOM references a different specialty than the one identified the original AOM, it must be signed by an expert in that different specialty, not the one referenced in the original AOM. Since a doctor can only spend more than 50% of her professional time in a single specialty, see MCL 600.2169(1), an error in defining the relevant specialty means that the original affiant cannot sign the amended affidavit. Therefore, an amended affidavit in which the relevant specialty is corrected will be ineffective unless it is signed by a different physician than the one who signed the original.[8]

Our holding is buttressed by MCL 600.2301, which along with MCR 2.118 governs amendments under MCR 2.112(L)(2)(b). That statute makes clear that amendments must be permitted to correct any defect so long as the substantial rights of the other party are not violated:

> The court in which any action or proceeding is pending, has power to *amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just*, at any time before judgment rendered therein. *The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties*. [MCL 600.2301 (emphasis added).]

The Legislature's language makes clear that amendments are to be permitted as to "*any* process, pleading or proceeding" and offers no hint that AOMs fall outside its scope. (Emphasis added). Moreover, it requires a showing of actual prejudice to deny a motion to amend. *Furr v McLeod*, 304 Mich App 677, 704; 848 NW2d 465 (2014), rev'd in part on other grounds sub nom *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 74; 869 NW2d 213 (2015) ("Generally speaking, an error or defect affects substantial rights when a party incurs prejudice."). Defendants do not explain how they are prejudiced by the substitution of a different affiant. Nor do they explain why such an amendment is so inherently prejudicial to the opposing party that it should be precluded as a matter of law.

Finally, we note that the 2010 court rule amendments were adopted, at least in part, to address concerns about medical malpractice cases being dismissed on the basis of AOM defects without providing an opportunity to cure.[9] Under pre-amendment caselaw, any defect in an AOM

---

[8] The purpose of requiring an AOM "is to deter frivolous medical malpractice claims." *Young v Sellers*, 254 Mich App 447, 452; 657 NW2d 555 (2002). See also *King v Reed*, 278 Mich App 504, 519; 751 NW2d 525 (2008). In this case, that purpose has been met because an expert in defendants' specialty has attested to the merit of plaintiff's claim against Dr. Crawford. The identity of the expert is irrelevant to this purpose.

[9] In her concurrence to the adoption of MCR 2.112(L)(2), Justice KELLY explained that the goal was to apply the amendment policy governing all other civil actions to medical malpractice cases:

> [T]he court rule amendments merely bring medical malpractice procedural requirements in line with those applicable to other civil actions. As long as the

was likely to subject a plaintiff to dismissal with prejudice regardless of its merits or considerations of substantive justice.[10] As reflected in their plain language, the 2010 court rule changes were intended to assure an opportunity to cure any defect in an AOM. We see no basis to apply the rule so as to frustrate its purpose. [11]

In sum, we hold that under MCR 2.112(L)(2)(b) an AOM may be amended by submitting an affidavit signed by a different expert where there has been a challenge to the "qualifications of the signer." Such an amendment relates back to the original filing. MCR 2.118(D). The trial court abused its discretion in denying plaintiff's motion to amend because that decision was based

---

amendment added a claim or a defense that arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading, our court rules *already* permitted the relation back of amendments of pleadings. The court rule amendments adopted today merely clarify that relation back includes medical malpractice claims. Indeed, there is no legal justification for preventing a party in a medical malpractice action from amending an affidavit of merit or an affidavit or meritorious defense when parties in other actions are freely and routinely permitted to do so. [485 Mich cclxxviii.]

[10] The controlling caselaw prior to the court rule amendments held that if an AOM was found defective, the complaint filed with it was considered a nullity, meaning that it did not toll the limitations period, which would continue to run and often expire prior to the time defendant raised its challenge. See *Mouradian v Goldberg*, 256 Mich App 225; 664 NW2d 805 (2003), overruled by *Kirkaldy*, 478 Mich 581; *Geralds*, 259 Mich App 225. Indeed, a defendant could simply sandbag the plaintiff, i.e., wait for the limitations period to expire before raising the challenge, and thereby deny the plaintiff any attempt to refile the case. Following the Supreme Court decision in *Kirkaldy*, 478 Mich 581, the harshness of this rule was moderated but still required that the case be refiled, which often required a plaintiff to locate and retain a new expert, provide the expert with the relevant materials, have the expert review them, draft an AOM based on the expert's findings, have the expert sign the AOM in the presence of a notary and return it to counsel before the case could be refiled. As a practical matter, those cases that had little time remaining in the limitations period when filed were at risk of being extinguished regardless of its merits. Moreover, requiring refiling as opposed to permitting amendments was judicially inefficient as it involved starting the entire process over again.

[11] Rather than attempting to determine the meaning of "amendment" in the context of the controlling court rule, the dissent would decide the case based upon a definition from a law dictionary that considers the word in a vacuum and not in the context of the relevant text. Moreover, the dissent argues that an amendment can only consist of "minor revision[s]." However, even the dictionary definition on which the dissent relies allows for more substantive changes as it provides that it is only "usually" that the revision or addition is "minor." *Black's Law Dictionary* (11th ed). Restricting amendments to "minor revisions" would have a very broad and disruptive effect: it would bar the filing of amended complaints that add new theories, factual allegations or parties.

on an erroneous interpretation of the court rules. See *Denton v Dep't of Treasury*, 317 Mich App 303, 314; 894 NW2d 694 (2016) ("An error of law necessarily constitutes an abuse of discretion.").

We reverse the grant of summary disposition and direct the trial court on remand to accept the amended AOM for filing. We do not retain jurisdiction. As the prevailing party, plaintiff may tax costs. MCR 7.219(A).

/s/ Douglas B. Shapiro
/s/ Mark J. Cavanagh